**[J-66-2018] [MO: Mundy, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| HIKO ENERGY, LLC, | : | No. 39 EAP 2017 |
| | : | |
| Appellant | : | Appeal from the Order of |
| | : | Commonwealth Court entered on |
| | : | June 8, 2017 at No. 5 CD 2017 |
| v. | : | affirming the Order entered on |
| | : | December 3, 2015 by the |
| | : | Pennsylvania Public Utility |
| PENNSYLVANIA PUBLIC UTILITY | : | Commission at No. C-2014-2431410 |
| COMMISSION, | : | |
| | : | ARGUED:  September 26, 2018 |
| Appellee | : | |

**DISSENTING OPINION**

**JUSTICE DONOHUE**                                    **DECIDED:  June 5, 2019**

I dissent.  This Court granted allocatur to address three issues, including the following:

(1)    Whether the $1,836,125.00 penalty was so grossly disproportionate to the penalties the Commission has approved for similar or more egregious conduct as to violate the Excessive Fines Clause of the Pennsylvania and U.S. Constitutions.

*HIKO Energy, LLC v. Pennsylvania Pub. Util. Comm'n*, 176 A.3d 235 (Pa. 2017).  This issue presents a constitutional question regarding the excessive fines clauses of the Pennsylvania and federal constitutions.  In my view, this issue must be addressed and decided by this Court in our resolution of this appeal.

Rather than resolving the legal issue presented, the Majority shifts the focus to an entirely different legal issue, namely whether HIKO waived the constitutional issue below.

This Court did **not**, however, grant allocatur to consider this issue of waiver, and we did not do so despite our full knowledge that the PUC had contested whether HIKO had preserved the constitutional issue in the Commonwealth Court and that the waiver issue was a central issue in that court's disposition of the case. The Commonwealth Court is well suited to address issues of waiver, for which there is already a well-established and comprehensive body of case law. In contrast, this Court is best suited to resolve the constitutional issue of first impression on which we granted allocatur.

If the Court had intended to decide the issue of waiver, we could have granted allocatur to review it. We did not. The waiver issue is not encompassed within our grant of allowance of appeal and is not an issue before the Court in this appeal. I must therefore dissent, as I am of the view that this Court should proceed to decide the constitutional issue on its merits by published opinion.

Chief Justice Saylor joins this dissenting opinion.